**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMEET SINGH, | No. 19-71754 |
| Petitioner, | Agency No. A215-666-179 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020**
Seattle, Washington

Before: CLIFTON and M. SMITH, Circuit Judges, and DONATO,*** District
Judge.

Harmeet Singh, a native and citizen of India, petitions for review of an order

of the Board of Immigration Appeals (BIA) dismissing his appeal from the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

immigration judge's (IJ) denial of asylum, withholding of removal, and CAT relief. We deny the petition.

We review the BIA's legal determination de novo and its factual findings for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The BIA's adverse credibility determination is supported by substantial evidence. Credibility findings must be upheld "so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011). On several issues, Singh's testimony before the IJ was inconsistent with his prior statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, Border Patrol records show that when Singh was interviewed shortly after entering the country in April 2018, he reported that he had no family in the United States. He later testified that his sister has been living in Fresno, California, since 2014.

The BIA and IJ did not have to accept Singh's explanation for this inconsistency. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). Singh claims that Border Patrol agents asked him whether he had any American citizen relatives and that he answered no because his sister and brother-in-law are currently in asylum proceedings. However, the Border Patrol record of the interview indicates that Singh was asked whether he had any family or friends

residing in the United States, to which he answered no. The BIA and IJ considered his explanation, and both found the Border Patrol's record to be an accurate account of Singh's initial interview. Singh provides no reason to overturn that finding. Because the adverse credibility determination was based on substantial evidence, the asylum and withholding claims that depend on that non-credible testimony were permissibly denied. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010).

The BIA's determination that Singh did not submit reasonably available evidence to corroborate his claims is also supported by substantial evidence. Singh's petition does not challenge the BIA's finding that his sister, who lives in Fresno, was available to testify.

Singh has not demonstrated he is entitled to CAT relief since his claim was based on statements the BIA determined not to be credible, and there is no independent evidence in the record to show he is eligible. *Id.* at 1048-49.

**PETITION FOR REVIEW DENIED.**